UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JASON M. SALYER                                                                               PLAINTIFF

v.                                         CIVIL ACTION NO. 3:16CV-P260-JHM

ETHAN WHITLOCK *et al*.                                          DEFENDANTS

### MEMORANUM OPINION AND ORDER

Plaintiff Jason M. Salyer filed this *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 60 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial review, for the reasons set forth herein, the Court will dismiss some of Plaintiff's claims. The Court will also order Plaintiff to provide the status of his criminal charges to determine if the remaining claims must be stayed.

### I.

Plaintiff is an inmate at the Hardin County Detention Center (HCDC). He indicates that he is a pre-trial detainee. He sues the "Hardin County Sheriff Dept" and Ethan Whitlock, a "sheriff" with the Hardin County Sheriff's Department. He sues the Sheriff's Department in its official capacity. He sues Defendant Whitlock in both his official and individual capacities.

Plaintiff states that on January 13, 2016, Defendant Whitlock pulled him over for reckless driving. According to Plaintiff, Defendant Whitlock asked him why he was driving so slowly to which Plaintiff responded that he was lost. Plaintiff states that Defendant Whitlock "ran [his] drivers liscense and then came back to [his] car." Plaintiff states that Defendant Whitlock asked Plaintiff whose car he was driving, and Plaintiff explained it was his fiancé's car. According to Plaintiff, Defendant Whitlock "saw a toy gun in the floor board in the rear of the car . . . and

asked [Plaintiff] to get out of the car." Plaintiff states that he cooperated and Defendant Whitlock "saw that it was indeed a toy." Thereafter, according to Plaintiff, Defendant Whitlock inquired as to whether Plaintiff had insurance. Plaintiff states that he informed Defendant Whitlock that he had "a digital insurance card on [his] fiancée's phone." According to Plaintiff, at that point other officers were pulling up.

Plaintiff states that Defendant Whitlock then asked Plaintiff if he could search Plaintiff's car. Plaintiff states that he told Defendant Whitlock that he could not search his car unless he had a warrant. According to Plaintiff Defendant Whitlock then "withdrew and started talking to the other officers that were present." Plaintiff states that he "overheard one of the officers that was present say well just place [him] under arrest and use that reason to do an inventory search of the vehical that he would be OK because it was just upheld in U.S. Supreme Court that he could do that." Plaintiff states that he informed Defendant Whitlock that he was violating Plaintiff's Fourth Amendment rights. Plaintiff states that he asked Defendant Whitlock if he had a body or dashboard camera. According to Plaintiff, Defendant Whitlock stated that he had neither type of camera  Plaintiff states that Defendant Whitlock then placed him under arrest and searched his vehicle.

The Court construes Plaintiff's complaint to allege a violation of the Fourth Amendment. As relief for the alleged violation, Plaintiff seeks monetary damages and to "[m]ake all evidence ina[d]missable per illegal search & seizure."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

2

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  This Court is not required to create a claim for

Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. *Official-Capacity Claims*

Plaintiff sues Defendant Hardin County Sheriff's Department in its official capacity, and he also sues Defendant Whitlock in his official capacity as an employee of the Sheriff's Department. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacities is the equivalent of suing their employer, Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40(6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County

Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987),

*overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Hardin County, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, **IT IS ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(i) for failure to state a claim upon which relief may be granted.

### *B. Status of Charges*

There remains one claim in this action, Plaintiff's claim against Defendant Whitlock in his individual capacity. Plaintiff alleges Defendant Whitlock performed an unreasonable search and seizure in violation of the Fourth Amendment. He seeks, in part, to have this Court "make all evidence ina[d]missable per illegal search & seizure." The U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato,* 549 U.S. 384, 393 (2007). Plaintiff identifies himself as a pre-trial detainee and gives no indication that the charges against him have been resolved or what the outcome may

have been. In light of *Wallace v. Kato*, if Plaintiff's criminal case stemming from the alleged incident is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter.

**IT IS THEREFORE ORDERED** that within **30 days** of the date of entry of this Memorandum Opinion and Order, Plaintiff shall advise this Court in writing as to the status of the criminal charges against him. Specifically, Plaintiff must:

(1) state all charges filed against him arising out of the incident that is the subject of this lawsuit;

(2) provide the Court with the criminal action number(s) for those charges;

(3) state whether the charges have been dismissed, are still pending, or whether he has been convicted;

(4) if he has been convicted, state whether a direct appeal or state collateral proceeding is pending;

(5) if he has been convicted, state specifically on what charges he was convicted and provide a copy of the order or judgment of conviction entered in state court; and

(6) if any charges have been dismissed, state specifically what charges have been dismissed and provide a copy of the order or judgment entered in state court.

Plaintiff is **WARNED** that his failure to comply with this Memorandum Opinion and Order within **30 days** will result in dismissal of this action.

Date:

cc: Plaintiff, *pro se*
    Defendants
4414.003