UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JASON M. SALYER                                                                                    PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:16-CV-P260-JHM

ETHAN WHITLOCK *et al*.                                                                        DEFENDANTS

### MEMORANDUM AND ORDER

Before the Court are two almost identical letters filed by Plaintiff (DNs 7 & 8). The Court construes the letters as motions to consolidate and modify the Court's prior Order (DN 6) for payment of the filing fee.

In his motions, Plaintiff states that he has two actions pending in the Western District of Kentucky for which he is required to pay a "total initial partial filing fee of $192.40." Plaintiff states that this is a "substantial amount of money considering that this institution already gaurnishis 50% of all funds which I receive here." In one motion (DN 7), Plaintiff moves the Court to "adjust the filling fee and allow [him] to make payments directly to the Clerk's Office from outside sources so that it is not costing [him] double to pay these fees." In the other motion (DN 8), Plaintiff requests the Court to "combine the fees for the partial filling fee and monthly payments and therefore allow [him] to make payment directly to the clerks office from outside sources so that [he is] not paying double to pay [his] court fees."

A prisoner is "responsible for their filing fees the moment the civil action . . . is filed," and by filing a complaint, "the prisoner waives any objection to the fee assessment by the district court." *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court is to make the filing fee assessment for each action as directed in 28 U.S.C. § 1915(b)(1). If a prisoner has no funds in his prison

trust account, he "is still obligated to pay the full filing fee when money does become available." *Id.* at 606. There is no statutory provision provided to combine the fees assessed under 28 U.S.C. § 1915(b) or to modify or change the assessment of the filing fee. *See Bruce v. Samuels*, 136 S. Ct. 627, 631 (2016) (holding that "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees"); *Atchison v Collins*, 288 F.3d 177 (5th Cir. 2002) (requiring simultaneous payments of multiple filing fees); *Lyon v. Ky. State Penitentiary*, Nos. Civ.A.5:02CV-P53-R, Civ.A.5:03CV-P10-R, 2005 WL 2044955 (W.D. Ky. Aug. 23, 2005) (same). Accordingly,

Plaintiff's motions (DNs 7 & 8) to consolidate and modify the payment of his filing fees are **DENIED**.

Neither the denial of these motions nor the statute governing assessment of the filing fee precludes Plaintiff from making additional payments toward his filing fees through sources other than his prison trust account, if he so chooses.

Date: September 19, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4414.003