# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

JASON M. SALYER                                                                           PLAINTIFF

v.                                       CIVIL ACTION NO. 3:16CV-260-JHM

ETHAN WHITLOCK                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff filed a *pro se* action pursuant to 42 U.S.C. § 1983 (DN 1) in which he named two Defendants, Ethan Whitlock and the Hardin County Sheriff's Department (HCSD). At the time Plaintiff filed the action, he was incarcerated at the Hardin County Detention Center. On September 15, 2016, the Court performed initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 60 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial review, the Court dismissed the official-capacity claims against both Defendants and ordered Plaintiff to advise the Court in writing as to the status of the criminal charges against him (DN 9).

Subsequently, Plaintiff advised the Court of the status of the criminal charges (DN 11), and the Court thereafter entered an Order dismissing the HCSD as a Defendant in this action and allowing the Fourth Amendment claim to proceed against Defendant Whitlock in his individual capacity (DN 12). On November 10, 2016, the Court entered a Scheduling Order and Order Directing Service (DN 13).

Thereafter, on May 4, 2017, the Court entered a Memorandum and Order (DN 17) denying Defendant Whitlock's motion to dismiss. That same date, the Court also entered a Revised Scheduling Order and Order Directing Service (DN 18). The copies of the Memorandum and Order and Scheduling Order and Order Directing Service (Orders) (DNs 17 &

18) sent to Plaintiff were returned to the Court marked "Return To Sender, Not Deliverable As Addressed, Unable To Forward" (DN 20).  A review of the docket reveals that over 44 days have passed without Plaintiff providing any notice of an address change.

Upon the action being filed in this Court, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims.  *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel.  Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").  In the Scheduling Order and Order Directing Service entered in this case on November 10, 2016, the Court advised Plaintiff that "[s]hould Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel" (DN 13).  This Order also warned Plaintiff that his failure to "notify the Clerk of Court of any address change" may result in dismissal of this case.  Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendant can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that no action has been taken by Plaintiff in this case since October 3, 2016, over eight months ago. Further, two Orders (DNs 17 & 18) entered by the Court have been returned to the Court as being undeliverable, and 44 days have passed without Plaintiff providing a new address to the Court. Because Plaintiff has failed to provide an updated address to the Court, Plaintiff has not taken any action in this case in over eight months, and Orders sent to Plaintiff by this Court have been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), that Plaintiff has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

For these reasons, the Court will dismiss the action by separate Order.

Date: July 5, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel of Record
4414.003